HARTSTEIN, Appellant, vs. WESTERN UNION TELEGRAPH COM-
PANY, Respondent.

*January 8 — March 5, 1895.*

*Telegraph companies: Delay in delivering message: Damages: Evidence.*

A debtor in this state, wishing the assistance of a creditor residing
in Kansas in settling some pressing demands, telegraphed him
"You must come at once." Through a mistake in the name of the
addressee the message was not delivered for four or five days, and
the creditor did not reach his debtor until nine days after the mes-
sage was sent. In the meantime attachments sufficient to exhaust
all the debtor's property had been levied, and the Kansas creditor
was able to collect but a small part of his claim. In an action by
him against the telegraph company for the amount of his loss,
there was no evidence that he could or would have come at once
if the telegram had been promptly delivered, or that if he had
come he could have collected or obtained security for his claim.
*Held,* that a nonsuit was properly granted.

APPEAL from a judgment of the superior court of Mil-
waukee county: R. N. AUSTIN, Judge. *Affirmed.*

Action for damages for failure to deliver a telegram.

On the 31st day of January, 1889, one Blascoer was a mer-
chant doing business at Marshall, Dane county, Wisconsin,
with a stock of goods worth about $3,000, and the plaintiff
resided at Larned, Kansas. Blascoer owed plaintiff about
$800, for which the plaintiff held a judgment note, and on
the day aforesaid Blascoer wrote and delivered to the tele-
graph operator at Marshall a message, as follows: "Mar-
shall, Jany. 31, 1889. You must come at once. S. BLASCOER."
This message was written upon a piece of plain brown paper,
and the name of the addressee was partially illegible, and so
badly written that it might be read as "Haolstein" or
"Harlstein" or "Hartstein." The message was sent, and
when transcribed by the operator at Larned the address
read "Gustav Holstein." No such person could be found at

Larned, and the message was held until the 4th or 5th of February, when it was delivered to the plaintiff, *Hartstein.* On the same day he started for Marshall, by way of Kansas City, Chicago, and Milwaukee. He spent at least a day and night in Milwaukee, and reached Marshall on the 9th day of February.

Meanwhile, and on the 1st day of February, Blascoer had given a chattel mortgage on a part of his stock of goods for $1,310 to his son-in-law, one Rosenthal. On the 8th day of February the entire stock was seized by the sheriff of Dane county upon a warrant of attachment of about $1,900, and another attachment of about $500 came into the hands of the sheriff on the following day. So when the plaintiff arrived at Marshall, on the evening of the 9th of February, he found the entire stock of goods in the hands of the sheriff under the writs of attachment.

The plaintiff thereupon returned to Milwaukee and consulted an attorney, and came to Marshall again on the 11th of February, and on the 12th he received from Blascoer an assignment of a lot of book accounts, also a chattel mortgage upon the stock. He realized only $119 upon the accounts, and has never realized anything upon the mortgage. He entered judgment upon his judgment note on the 20th of March, and an execution thereon was issued to the sheriff, but the proceeds of the stock seized by the sheriff were entirely exhausted in satisfying the executions issued on the two attachment suits, so that the plaintiff realized nothing on his execution.

At the close of the plaintiff's evidence a nonsuit was granted, and the plaintiff appealed.

For the appellant there was a brief by *Sylvester & Scheiber,* and oral argument by *F. Scheiber.*

For the respondent there was a brief by *Miller, Noyes & Miller,* and oral argument by *Geo. H. Noyes.*

Winslow, J.  The claim of the plaintiff is that by reason of the negligence of the defendant in failing to deliver the telegram from Blascoer, he was deprived of the opportunity of collecting his debt, and that he is entitled to recover the amount of his loss from the telegraph company.  We think the evidence fails to show with legal certainty that he would have collected or secured his debt had he received the telegram on the day it was sent.  It appears from the testimony of Blascoer that his reason for sending the telegram was because he desired " to have him come, and see if I couldn't settle up with him some pressing demands that were pressing, and have *him assume them*, and I would secure him for the whole."  There is nowhere in the case any evidence that Blascoer would have voluntarily given the plaintiff any security except in the event that the plaintiff would assume other claims, or that he would have consented to the plaintiff's entering judgment on his judgment note and levying on the stock.  Nor is there any testimony that the plaintiff could or would have come at once to Marshall had he received the telegram earlier, or that he could or would have assumed any other claims in order to secure his own, or that he would have at once entered judgment and issued execution.  Marshall was not a county seat, and it would have taken considerable time for the plaintiff to enter judgment on his note after he had arrived at Marshall, and in the meantime what course Blascoer would have taken is entirely uncertain.  He might have turned out his stock to other creditors, and thus defeated the plaintiff.  We cannot determine what would have been the result had the plaintiff arrived at Marshall on the 5th of February instead of the 9th.  He might have obtained security for his claim, or he might not, and the evidence gives us no means of determining with any degree of certainty whether he would or not. It is, at best, a mere guess or conjecture, upon which no

verdict could be founded.    *Duncan v. W. U. Tel. Co.* 87 Wis. 173.

This view of the case renders unnecessary any discussion of other questions which were raised and argued.

*By the Court.*— Judgment affirmed.